DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

SALVADOR MORALES SR

ANGELINA JUANITA MORALES

    Debtor(s)

Chapter 13
Case No.  17-51010 MEH

TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

341 Meeting Date: JUNE 12, 2017 @ 10:30 AM
Confirmation Hearing Date: JULY 14, 2017
Confirmation Hearing Time: 11:00 AM
Place: 280 S. 1st Street Room 3020
    San Jose, CA
Judge: M. Elaine Hammond

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The Debtors have failed to comply with 11 U.S.C. § 521(a)(1)(B)(iv) because the Debtors have failed to provide the Trustee with copies of their payment advices received within sixty (60) days before the date of the filing of the petition. If the Debtors cannot provide copies of the payment advices, a declaration signed by the Debtors under penalty of perjury must be provided pursuant to General Order 32 of the United States Bankruptcy Court for the Northern District of California. Pursuant to the order, the declaration must set forth the reasons that the payment advices are unavailable and should state the

Trustee's Objection to Confirmation – 17-51010 MEH

Case: 17-51010    Doc# 13    Filed: 06/09/17    Entered: 06/09/17 14:26:33    Page 1 of 4

Debtors' estimate of payments received within the 60 days before the petition date and provide other evidence, if any, of the payments received.

2. The Debtors have failed to comply with 11 U.S.C. §521(e)(2)(A)(i) and (B), in that they have not provided the Trustee with a copy of their 2016 federal and state income tax return and W-2 form. Until the Debtors provide the requested information, the Trustee is unable to perform her duties under 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)) and is unable to recommend confirmation.

3. The Debtors indicated in Section 5 of the plan that Additional Provisions are not appended however an attachment to the plan was filed. The Trustee requests that the plan be amended to select the correct choice regarding Additional Provisions.

4. Debtors have opted to participate in the Mortgage Modification Mediation Program ("MMM Program") in section 5.01 of the Plan, but have not yet filed a Motion for Referral to Mortgage Modification Mediation Program ("Referral Motion"). The Trustee will not be able to recommend confirmation until the MMM Program process has been completed and the Referral Motion is the first requirement in that process.

5. The Trustee is unable to determine if the plan is in compliance with 11 U.S.C. §1325(a)(4). Schedule A lists Debtors' real property at 313 Broomley Cross Drive, San Jose, CA 95119 with a fair market value of $718,227.00. The Trustee requests that the Debtors obtain a broker's opinion as to the current value of the real property. The broker's opinion must include a detailed description of the property (i.e. square footage, lot size, number of bedrooms/bathrooms, condition,) and must include copies of the documentation used to determine the value.

6. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtor has listed a 2002 GMC Yukon on Schedule A/B with a current value of $1,469.00. The Debtor must provide the Trustee with written documentation to support the value of $1,469.00. The written documentation must include a detailed description of the subject vehicle (i.e. year, make, model, approximate

mileage, condition,) and must include copies of the documentation used to determine the value.

7. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtor has listed a 2002 GMC Sierra on Schedule A/B with a current value of $1,317.00. The Debtor must provide the Trustee with written documentation to support the value of $1,317.00. The written documentation must include a detailed description of the subject vehicle (i.e. year, make, model, approximate mileage, condition,) and must include copies of the documentation used to determine the value.

8. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation. The tax return shall be provided to her at the same time it is filed with the taxing authority.

Dated: June 9, 2017        /S/ Devin Derham-Burk
                           _____
                           Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on June 9, 2017.

Said envelopes were addressed as follows:

| | |
|---|---|
| SALVADOR & ANGELINA MORALES<br>313 BROMLEY CROSS DR<br>SAN JOSE CA 95119 | SAGARIA LAW PC<br>3017 DOUGLAS BLVD #100<br>ROSEVILLE CA 956610 |

/S/ Chaovalai Chulasawan
Office of Devin Derham-Burk, Trustee